The Honorable John W. "Bill" Ramsey State Representative P.O. Box 6 Prairie Grove, AR 72753
Dear Representative Ramsey:
This is in response to your request for an opinion regarding the early retirement provisions of the 1987 legislative session. You have asked, specifically, whether a school superintendent who is retiring under the incentives is eligible to apply for the director's position of the Boston Mountain Education Cooperative.
Act 187 of 1987 offers certain retirement incentives to persons retiring from the State Division of the Public Employees Retirement System, the Arkansas State Highway Employees Retirement System and the State Police Retirement System. Act 717 of 1987 applies to members of the County Division of the Public Employees Retirement System. Act 808 of 1987 was passed to extend these retirement incentives to "[a]ny employee of a state agency" who is an active member of the Arkansas Teacher Retirement System.
It is necessary to consider the foregoing in light of the fact that your request is premised upon the assumption that a school superintendent may retire under these incentives. It should be noted, however, that the retirement incentives have not been extended to such persons, and that an action is currently pending in federal court on this question. While I wanted to clarify that point, I will, nevertheless, proceed to address your question regarding subsequent employment.
Section 1, subsections (A) and (B) of Act 187 [A.C.A.24-4-732(a)(1) and (2) (Supp. 1987)] provides that persons participating in the retirement incentive program are "not eligible to accept further employment in which the state is the employer." While the language of sections 2 and 3 of Act 187 varies somewhat, these provisions echo the prohibition against "further employment . . . in which the state is the employer." [A.C.A. 24-6-102(a)(1) and (2); 24-3-216(a)(1) and (2) (Supp. 1987)]. Section 7 of the Act states that employees of the State Highway and Transportation Department "shall not be eligible for subsequent employment, as an employee, by a state agency, whose employees are covered by a State supported retirement system." [A.C.A. 24-5-122(c) (Supp. 1987)].
The question, therefore, is whether the director's position with the Education Service Cooperative constitutes employment by the State for purposes of Act 187 of 1987.
It is my opinion that the answer to this question is "no." While is appears that an Education Service Cooperative may receive funds from the State under the act authorizing creation of these entities (Act 349 of 1985, codified at A.C.A. 6-13-1001, et seq.), this office has previously stated that directors of the Cooperatives are not employees of State agencies for purposes of Act 808 of 1987 which states in pertinent part:
 Any employee of a state agency who is on the effective date hereof an active member of the Arkansas Teacher Retirement System . . . may elect to become a member and have his credited service in the Arkansas Teacher Retirement System . . . transferred to the Arkansas Public Employees Retirement System. (Emphasis added).
A.C.A. 24-4-732(a)(3) (Supp. 1987); See Opinion No. 87-291, attached hereto. Directors of the Education Service Cooperatives are therefore ineligible for the early retirement incentives under Act 187 by virtue of Act 808.
It was noted in Opinion No. 87-291 that the Cooperative directors are appointed by the Cooperative Boards, not be a State agency; that the director's salaries are set by the Boards, not be the legislature; and that the Cooperatives are referred to in Act 349 of 1985 as "intermediate service units in the State's elementary and secondary education system. . . ." A.C.A. 6-13-1002(a). It therefore appears that the Cooperatives are not state agencies, but rather are cooperative units of local school districts.
It may be concluded from the foregoing that the director's position with the Boston Mountain Cooperative does not constitute employment by the State for purposes of the limitation on subsequent employment following early retirement under Act 187 of 1987. Persons retiring under Act 187 are, in my opinion, eligible for this position.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.